in chief value of metal in paragraph 397 of said act (19 U.S.C. § 1001, par. 397), as modified by the General Agreement on Tariffs and Trade, *supra*, dutiable at 22½ per centum ad valorem; and the plastic cases in paragraph 1531 of said act (19 U.S.C. § 1001, par. 1531), as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, supplemented by Presidential notification, 86 Treas. Dec. 337, T.D. 52820, dutiable at the rate of 20 per centum ad valorem, by virtue of the similitude clause in paragraph 1559 of said act, as amended (19 U.S.C. § 1001, par. 1559).

Plaintiff contends that the merchandise is an entirety and should be classified within the provisions of paragraph 1531, as modified, *supra*, as "cases, * * * wholly or in chief value of leather or parchment, * * * permanently fitted and furnished with * * * manicure * * * sets * * *," by virtue of the similitude clause in paragraph 1559, *supra*, and subjected to duty at the rate of 20 per centum ad valorem.

At the trial, a sample representing the imported merchandise was received in evidence as plaintiff's exhibit 1. It was agreed by adversary counsel that said exhibit "* * * is a plastic case composed of a plastic material which is not *eo nomine* mentioned in the Tariff Act of 1930; that it is used for the same purpose and in the same manner as cases wholly or in chief value of leather or parchment, permanently fitted and furnished with manicure sets."

We have examined exhibit 1 which obviously is a manicure set. The collector of customs having returned the case as a leather case by virtue of the similitude provision, we find and hold that the subject merchandise consists of entireties, and, by application of the similitude clause, should be classified as cases in chief value of leather, permanently fitted and furnished with manicure sets, and dutiable at the rate of 20 per centum ad valorem, in paragraph 1531 of the Tariff Act of 1930, as modified, *supra*.

Counsel for the United States, with commendable discretion, stated that the merchandise "* * * should have been classified on an entirety basis."

Upon the record before us, we sustain the claim of the importer.

Judgment will issue accordingly.

---

BEFORE THE SECOND DIVISION, SEPTEMBER 9, 1960

No. 64485.—Vanetta Fabrics Corp. et al. *v.* United States, protests 301338–K, etc. (New York).

Opinion by RAO, J. In accordance with stipulation of counsel that the merchandise consists of waterproof cotton cloth similar in all material respects to that the subject of *United States* v. *D. H. Grant & Co., Inc.* (47 C.C.P.A. 20, C.A.D. 723), the claim of the plaintiffs was sustained.

---

SEPTEMBER 7, 1960

No. 64486.—SUIT 5039.—United States *v.* Excel Shipping Corp.— ——C.D. 2153. (Appeal dismissed June 29, 1960.)